EDWARD J. DELGADO-ROSERO,         CIVIL ACTION NO. 1:16-CV-01250
Petitioner

VERSUS                            CHIEF JUDGE DRELL

WARDEN, LASALLE                   MAGISTRATE JUDGE PEREZ-MONTES
DETENTION CENTER,
Respondent

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of *habeas corpus* (28 U.S.C. § 2241) filed by *pro se* petitioner Edward J. Delgado-Rosero ("Delgado-Rosero"), an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("ICE"). Delgado-Rosero is being detained at the LaSalle Detention Center in Jena, Louisiana. Delgado-Rosero challenges his detention pending removal. (Doc. 1).

I.   Background

Delgado-Rosero is a native and citizen of Colombia. (Doc. 16, Exh. B, p. 45/162). In 2007, he was convicted of transporting an alien illegally present in the United States, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(II). (Doc. 16, Exh. C, p. 58/162). Delgado-Rosero was ordered removed on August 23, 2007, and removed to Mexico on December 17, 2007. (Doc. 16, Exh. D, p. 63/162).

Delgado-Rosero re-entered the United States. Although his return date is not clear, Delgado-Rosero claims to have returned in 2008. (Doc. 16, Exh. B, p. 45/162). In July 2012, he came to the attention of immigration officials in Tennessee. Those

officials served him with a notice of intent to reinstate the prior order of removal, and referred him for criminal prosecution. (Doc. 16, Exh. E, pp. 67-68/162; Exh. F, p. 71/162; Exh. G, pp. 73-77/162). In 2013, he was convicted and sentenced for illegally re-entering the United States as a previously convicted aggravated felon. (Doc. 16, Exh. G, pp. 73-77/162; Exh. M, pp. 95-98/162). Delgado-Rosero was detained and his prior removal order was reinstated. (Doc. 16, Exh. H, p. 80/162; Exh. F, p. 71/162).

Delgado-Rosero was returned to immigration custody. (Doc. 16, Exh. N, p. 100/162). He was interviewed by an asylum officer on May 20, 2015, who concluded that Delgado-Rosero lacked a reasonable fear of persecution or torture. (Doc. 16, Exh. O, pp. 103-105/162). Delgado-Rosero requested that an Immigration Judge review that determination, and that referral was made. (Doc. 16, Exh. P, pp. 107-108/162). Both the initial paperwork from Delgado-Rosero's initial interview with the asylum officer and the referral to the Immigration Judge indicated that Delgado-Rosero was a Mexican national. (See doc. 16, Exhs. O and P, pp. 103-04, 108/162). Delgado-Rosero submitted an application for withholding of removal on June 8, 2015, in preparation for the hearing before the Immigration Judge, wherein he asserted his Colombian citizenship. (Doc. 16, Exh. B, pp. 43, 45/162). The Immigration Judge upheld the "no reasonable fear" determination on June 19, 2015. (Doc. 16, Exh. R, p. 114/162). However, the Immigration Judge did not identify the specific country or countries to which that decision pertained. (Id.)

Delgado-Rosero attempted an appeal, but on July 10, 2015, the Board of Immigration Appeals ("BIA") dismissed that appeal for lack of jurisdiction. (Doc. 16,

Exh. S, p. 118/162). Delgado-Rosero then filed a petition for review in the Fifth Circuit, and the court granted his unopposed motion for a stay of deportation pending review. (Doc. 16, Exh. T, p. 120/162; Exh. U, p. 128/162).

ICE then began a new removal proceeding, and notified Delgado-Rosero of its intent to issue a FARO pursuant to 8 U.S.C. § 1228(b). (Doc. 16, Exh. V, p. 130/162). That notice stated that he was a native and citizen of Colombia, not a lawful permanent resident, had been convicted of an aggravated felony, and referred to both the 2007 illegal transportation conviction and the 2013 illegal re-entry conviction which had identified the 2007 conviction as an aggravated felony. (Id. at pp. 130, 132/162). Delgado-Rosero requested a withholding of removal. (Id. at p. 131/162). ICE subsequently rescinded the reinstatement proceedings on October 20, 2015, and issued a FARO against Delgado-Rosero directing his removal to Colombia or any alternate country prescribed in 8 U.S.C. § 1231. (Doc. 16, Exh. F, p. 71/162, Exh. W, p. 134/162). The same day the FARO was issued, ICE determined that Delgado-Rosero was subject to a new 90-day removal order. (Doc. 16, Exh. N, p. 100/162). The government then moved to dismiss the pending petition for review on November 5, 2015, for lack of jurisdiction. (Doc. 16, Exh. T, p. 124/162). Delgado-Rosero opposed those motions. (Id.). However, the Fifth Circuit granted the motion to dismiss for lack of jurisdiction on December 9, 2015. (Id.).

Delgado-Rosero had an interview with an asylum officer, and the renewed reasonable fear proceedings prompted the referral of his case to an Immigration Judge, because there was a reasonable possibility that the persecution he fears was

3

due to a protected ground. (Doc. 16, Exh. Z, p. 152/162). On November 18, 2016, Delgado-Rosero appeared before an Immigration Judge to seek withholding of removal to Colombia. (Doc. 16, Exh. N, p. 100/162; Exh. AA, p. 155/162). The application was denied, and Delgado-Rosero reserved the right to appeal. (Doc. 16, Exh. AA, p. 155/162).

ICE had renewed its determination to detain Delgado-Rosero pending removal on September 7, 2016. (Doc. 16, Exh. CC, p. 161). ICE had also contacted Colombian officials on November 14, 2016, to obtain a travel document for Delgado-Rosero, which had previously been declined in January 2016, as Delgado-Rosero had told them he had litigation pending. (Doc. 16, Exh. N, p. 101). When ICE contacted the Colombian officials again in November 2016, the officials indicated they would issue a document but for the pending appeal process. (Id.).

II. Law and Analysis

Respondents filed a Motion to Dismiss (Doc. 16), arguing that Delgado-Rosero is subject to a FARO under 8 U.S.C. § 1228(b) and is therefore subject to post-removal-order detention under 8 U.S.C. § 1231(a)(2), (6) pending his removal from the United States. Respondents further contend that the withholding proceedings do not effect Delgado-Rosero's detention.

Delgado-Rosero contends that he is being detained pursuant to 8 U.S.C. § 1226, that he is not deportable under 8 U.S.C. § 1226(c), and that he has been detained an excessive length of time.

The governing statute, 8 U.S.C. § 1226(c), concerns the detention of aliens pending a final order of removal, while 8 U.S.C. § 1231 concerns detention when an alien is ordered removed. See Zadvydas v. Davis, 533 U.S. 678, 683 (2001); Andrade v. Gonzales, 459 F.3d 538, 542-43 (5th Cir. 2006). The removal period specified within Section 1231 begins with the latest of three possible events. The relevant event here is "[t]he date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i). Delgado-Rosero was ordered removed pursuant to a FARO issued under 8 U.S.C. § 1228(b) on October 21, 2015. Section 1228(b) authorizes expedited removal proceedings for non-permanent resident aliens deportable for having committed an aggravated felony. The FARO is administratively final when issued, as there is no BIA review of the order. Instead, an alien must seek judicial review of the removal order under 8 U.S.C. § 1252. 8 U.S.C. § 1228(b)(3); see also 8 U.S.C. § 1252 (final orders of removal are appealable to courts of appeals).

While Delgado-Rosero has been subject to a FARO, he has pursued reasonable fear and withholding-only proceedings. Under 8 U.S.C. § 1231(b)(3)(A), "the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country [. . .]". Withholding of removal is country-specific relief, as the alien could be removed "to a third country other than the country to which removal has been withheld or deferred." 8 C.F.R. § 208.16(f); 8 U.S.C. § 1231(b)(2)(E); Lanza v. Ashcroft, 389 F. 3d 917, 933 (9th Cir.). Section 1226 is inapplicable to detention in this context, as there is no pending decision on whether the alien is to be removed. Instead, the decision to

5

remove the alien from the United States has been made; the decision now is when and to what country the alien will be removed. Pending reasonable fear and withholding-only proceedings do not affect the FARO's administrative finality for purposes of detention, and the FARO remains the latest event triggering the removal period under 8 U.S.C. § 1231(a)(1)(B)(i).

The 90-day removal period began on October 21, 2015, upon issuance of the FARO. Under Section 1231(a), the government "shall remove the alien from the United States within a period of 90 days," and the government shall detain the alien during that removal period. Delgado-Rosero's 90-day removal period would have ended on January 19, 2016. However, if the alien is not removed during that 90-day removal period, 8 U.S.C. § 1231(a)(6) provides that an alien who is removable as an aggravated felon under Section 1227(a)(2) may be detained beyond the removable period. Furthermore, the Supreme Court has held that Section 1231 permits the detention of removable aliens for a period reasonably necessary to bring about that alien's removal from the United States.

Detention up to six months after the removal order becomes final is "presumptively reasonable." <u>Zadvydas v. Davis</u>, 533 U.S. 678, 688 (2001). After that six month period, an alien may be held in confinement until is it determined that there is no significant likelihood of removal in the reasonably foreseeable future. <u>Id.</u> at 701. The alien bears the initial burden and must provide good reason to believe that there is no significant likelihood of being removed in the reasonably foreseeable

6

future. Then, the government must provide sufficient evidence to rebut that showing. Id.; see also Andrade v. Gonzales, 459 F.3d 538, 543 (5th Cir. 2006).

Delgado-Rosero's current detention, which began on October 21, 2015, has surpassed the six-month presumptively reasonable period. At this point, he has been detained under the FARO for about seventeen months. This Court has found a longer period was not unreasonable for detention during withholding of removal proceedings. See Barrera-Romero v. Cole, No. 1:16-cv-00148, 2016 WL 7041710, at * 5 (W.D. La. Aug. 19, 2016) (twenty months' detention). Additionally, Colombian officials have indicated that they are willing to issue a travel document upon completion of the appeal process. (See doc. 16, Exh. N, p. 101/162). Furthermore, the government regularly removes aliens to Colombia. (Id.).

Additionally, Delgado-Rosero's withholding of removal and relief under CAT proceedings were ongoing for much of that time period. Delgado-Rosero's removal order therefore could not be executed. The Immigration Judge denied Delgado-Rosero's applications for withholding of removal and CAT protection, and Delgado-Rosero appealed.[1] And as noted above, withholding is country-specific. There is a possibility that Delgado-Rosero could be removed to another country. Therefore, there is no evidence that Delgado-Rosero is not removable, and his continued detention is

---

[1] The government notified this Court that Delgado-Rosero appealed to the BIA from the Immigration Judge's decision on or about December 21, 2016. (See doc. 21). On April 25, 2017, the government informed the Court that the BIA dismissed Delgado-Rosero's appeal on April 20, 2017, affirming the Immigration Judge's decision denying protection and concluding all administrative proceedings. (Doc. 24). As noted previously, pending reasonable fear and withholding-only proceedings did not affect the FARO's administrative finality for purposes of detention, the FARO remains the latest event triggering the removal period under 8 U.S.C. § 1231(a)(1)(B)(i), and this development does not affect that authority.

not indefinite. Furthermore, Zadvydas does not require a bond hearing once the presumptively reasonable six month period begins. And the Department of Homeland Security, pursuant to 8 C.F.R. § 241.4(c), (k), has periodically reviewed Delgado-Rosero's detention, including on January 29, 2016, April 1, 2016, and September 7, 2016. (Doc. 16, Exh. N.)

Because Delgado-Rosero is detained under 8 U.S.C. § 1231(a)(6), based upon the FARO issued against him under 8 U.S.C. § 1228(b), and has not made a showing that his removal is not reasonably foreseeable, Delgado-Rosero's habeas petition should be denied.

III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Delgado-Rosero's petition be DENIED AND DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14)

days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this \_\_1st\_\_ day of May, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge